IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.   No. CR 05-1796 RB

**ARTURO DAVID ARMIJO,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. §3582(c)(2), (Doc. 85), filed on April 7, 2009. In his motion, Defendant requests a reduction of his sentence. Having considered Defendant's motion, record, relevant law, and being otherwise fully informed, the Court finds that Defendant's motion should be denied.

**I.   Background.**

On August 18, 2005, an indictment charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 1"), and possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) ("Count 2"). On April 12, 2006, Defendant pleaded guilty, pursuant to a plea agreement, to Count 2. As provided by the plea agreement, Plaintiff dismissed Count 1.

On December 18, 2006, the Court sentenced Defendant to 151 months imprisonment, based in part on an increased offense level under the Sentencing Guidelines for possession of a firearm. Defendant did not appeal his conviction or sentence.

On November 2, 2007, Defendant filed a motion pursuant to 28 U.S.C. § 2255, which was denied on July 15, 2008. Defendant's appeal of the denial of the § 2255 motion is currently pending.

Defendant asks the Court to modify the sentence imposed based upon application of the rule of lenity to the plea agreement. Defendant reasons that the Court should not have applied the firearm enhancement at sentencing because the plea agreement provided for dismissal of the firearm charge. The Court finds that Defendant's motion must be denied due to lack of jurisdiction.

**II.     Discussion.**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). The Tenth Circuit has consistently recognized that "a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

Because Defendant's request is neither a direct appeal nor a collateral attack under 28 U.S.C. § 2255, "the viability of his motion depends entirely" on 18 U.S.C. § 3582(c). *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996). Section 3582(c) sets forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35"; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); *see Blackwell*, 81 F.3d at 947-48; *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). None of these circumstances exists herein. For this reason, Section 3582(c) is inapplicable.

Defendant has not cited any statute which would authorize the court to modify his sentence. Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of Defendant's sentence at this time. Rule 35 authorizes re-sentencing (a) to correct arithmetical, technical, or other clear error within seven days of sentencing; or (b) to reflect defendant's substantial assistance on motion of the government. *See* Fed. R. Crim. P. 35. Defendant's situation does not fit within the parameters of Rule 35. Rule 36 authorizes the court to correct clerical-type errors. Rule 36 is inapplicable because Defendant seeks a substantive modification of his sentence, not a correction of a clerical-type error. Simply put, the Court does not have jurisdiction to substantively modify Defendant's sentence at this time.

### III. Conclusion.

No legal basis exists that would allow the Court to modify his sentence. Defendant's motion is, therefore, denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. §3582(c)(2), (Doc. 85), filed on April 7, 2009, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**